IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER RIOS, | ) |
| Plaintiff, | ) Case No.: 2:14-cv-02563 |
| v. | ) |
| NATIONAL CREDIT ADJUSTERS, LLC., | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, CHRISTOPHER RIOS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, NATIONAL CREDIT ADJUSTERS, LLC., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

1. CHRISTOPHER RIOS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Corpus Christi, County of Nueces, State of Texas.

2. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Ace Cash Express (hereinafter, "the Debt").

1

3. The debt that Plaintiff allegedly owed Ace Cash Express was for a payday loan, which was for the personal use of Plaintiff and/or used for household expenditure.

4. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. NATIONAL CREDIT ADJUSTERS, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant's principal place of business is located in the State of Kansas. Defendant is registered as a limited liability company in the State of Kansas.

6. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

7. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

8. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

9. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

10. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

11. In early August, 2014, Defendant initiated a telephone call to Plaintiff at his place of employment.

12. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that his employer does not permit him to accept calls of such nature while he is at work.

13. However, thereafter, despite being advised that Plaintiff's employer prohibits him from receiving calls such as those from Defendant, Defendant proceeded to initiate telephone calls on multiple occasions to Plaintiff at his place of employment.

14. On multiple occasions in August of 2014, Defendant initiated a telephone call to Plaintiff's place of employment and connected with a representative of Plaintiff's employer.

15. When connecting with Plaintiff's employer, one two or three occasions, the caller on behalf of Defendant requested to speak with an individual who was the chief Financial Officer of Plaintiff's employer.

16. When speaking with a representative of Plaintiff's employer, Defendant did not solely seek location information of Plaintiff, but rather, sought other personal information regarding Plaintiff.

17. Despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, Defendant proceeded to contact Plaintiff's employer.

18. Plaintiff's employer did not request that it be contacted by Defendant.

19. Plaintiff did not consent to Defendant contacting third parties.

20. During the course of one of the above telephone calls between Defendant and Plaintiff, Defendant stated that if Plaintiff did not make a payment plan towards the Debt, Defendant would be serving him with "legal papers."

21. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

22. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

23. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

24. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

25. Upon information and belief, at the time of making the aforementioned threat, Defendant did not have any employees that were licensed to practice law in the State of Texas.

26. In its attempts to collect the debt allegedly owed by Plaintiff to Ace cash Express, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

   b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   c. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

4

    d. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    e. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    f. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e and 1692f;

    g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    **JURY DEMAND**

28. Plaintiff hereby demands a trial by jury on all issues so triable.

29. The Plaintiff, DANIEL SACCOCCIA, by and through his attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

WHEREFORE, Plaintiff, CHRISTOPHER RIOS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                        Respectfully submitted,

                                        **SMITHMARCO, P.C.**

<u>Dated: November 7, 2014</u>               By:   <u>s/ Mandy M. Shell</u>
                                                    Mandy M. Shell, KS Bar # 23410
                                                    PO Box 413677
                                                    Kansas City, MO  64141
                                                    Telephone:   (913) 871-4170
                                                    Facsimile:    (888) 418-1277
                                                    E-Mail:         <u>mshell@smithmarco.com</u>
                                                    ATTORNEY FOR PLAINTIFF